**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 25-9115-JFW(PVCx)**                          Date:  October 23, 2025

Title:       Grace Proudfoot, et al. -v- Nissan North America, Inc., et al.

**PRESENT:**
       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**       **ORDER TO SHOW CAUSE RE: SUBJECT  MATTER JURISDICTION**

On September 24, 2025, Plaintiffs Grace Proudfoot ("Proudfoot"), Stuart L. Oken ("Oken"), Laura L. Wozniak ("Wozniak"), and Rachel Grossman ("Grossman") (collectively, "Plaintiffs") filed a putative Class Action Complaint ("Complaint") in this Court against Defendant Nissan North America, Inc. ("Nissant"), alleging that the Court has subject matter jurisdiction over the action based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  However, Plaintiffs have not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Under CAFA, a party may avail itself of federal jurisdiction when "the amount in controversy exceeds $5 million, there is minimal diversity between the parties, and the number of proposed class members is at least 100."  *Taylor v. Cox Commc'ns Cal., LLC,*, 2016 WL 2902459, at *2 (C.D. Cal. May 18, 2016); 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  The enactment of CAFA did not alter the longstanding rule that the proponent of federal jurisdiction bears the burden of establishing that jurisdiction.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006).

In their Complaint, Plaintiffs allege that Proudfoot is a citizen of California and that Oken, Wozniak, and Grossman are citizens of Oregon.  Complaint, ¶¶ 11-13.  To meet the minimum diversity requirement under CAFA, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiffs have failed to allege the citizenship of Nissan.  *See* Complaint, ¶ 14.  Instead, Plaintiffs merely allege that "at least one

Class Member . . . is a citizen of a state different from Defendants."  Complaint, ¶ 9.  "However, a conclusory and prospective allegation that at least one unknown member of a . . . class will result in minimal diversity is not sufficient to satisfy the pleading requirements for CAFA jurisdiction."  *See Mendez v. Global Institute of Stem Cell Therapy and Research, USA*, 2022 WL 3019858 (S.D. Cal. July 29, 2022).  As a result, Plaintiffs have failed to demonstrate that the minimal diversity requirement is met.  *See, e.g., Goddard v. Jubilant Hollisterstier, LLC*, 2023 WL 3020494 (E.D. Wash. Apr. 20, 2023) ("An entity's citizenship is dual, not alternative, and both must be considered in assessing minimal diversity . . . As a result, minimal diversity is not met if the sole defendant's dual citizenship includes the same citizenship as the plaintiff").  In addition, Plaintiffs have failed to allege that the number of proposed class members is at least one hundred.

Accordingly, Plaintiffs are hereby ordered to show cause, in writing, on or before **October 27, 2025**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Initials of Deputy Clerk  _sr_